**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Sol Jaffe,                          ) | No. CV-12-0188-PHX-FJM |
|                                     ) | |
| Plaintiff,          ) | **ORDER** |
|                                     ) | |
| vs.                                 ) | |
|                                     ) | |
| Gurstel Chargo, PA, et al.,         ) | |
|                                     ) | |
| Defendants.       ) | |
|                                     ) | |

The court has before it plaintiff's motion for remand (doc. 7), defendant HSBC North America Holding, Inc.'s response (doc, 12), and plaintiff's reply (doc. 19).

Plaintiff filed a 4-count complaint in state court, asserting claims against HSBC, Capital One Financial Corporation, and Gurstel Chargo, P.A., a law firm, for intentional infliction of physical and emotional distress, gross negligence, malicious prosecution, and harassment. This is one of multiple actions filed by plaintiff against a variety of defendants, arising from what he believes were malicious lawsuits filed against him related to his credit card debt.

Defendants removed this action on the basis of both federal question and diversity jurisdiction. Plaintiff moves to remand, arguing that this is a state tort action, raising no federal issues, and the amount in controversy is less than the $75,000 statutory minimum. See 28 U.S.C. § 1332(a).

In the complaint's prolix, rambling statement of facts, plaintiff makes multiple references to constitutional violations by various named defendants, as well as state courts and state court judges, who are not defendants in this action. In the separate paragraphs describing his causes of action, however, plaintiff clearly sets forth only state law claims. Plaintiff contends that his complaint does not assert federal constitutional violations, but only state law claims. He offers to amend his complaint in order to delete any references to constitutional violations.

In parsing through plaintiff's complaint, we conclude that while the narrative of facts contains stray references to constitutional violations, plaintiff's stated causes of action assert only state law tort claims. No federal question is presented by this complaint.

Plaintiff also opposes HSBC's effort to remove this action on the basis of diversity jurisdiction. He argues that the amount in controversy does not exceed the $75,000 statutory minimum. When a complaint does not demand a specific dollar amount, the party seeking removal must prove by a preponderance of the evidence that the amount in controversy exceeds $75,000. Lewis v. Verizon Communications, Inc., 627 F.2d 395, 397 (9th Cir. 2010). Under this burden, the defendant must provide evidence establishing that "it is more likely than not" that the amount in controversy exceeds the jurisdictional minimum. Guglielmino v. McKee Foods Corp., 506 F.3d 696, 699 (9th Cir, 2007); see also Gaus v. Miles, Inc., 980 F.2d 564, 567 (9th Cir. 1992) (holding that defendant "bears the burden of actually proving facts to support jurisdiction").

HSBC argues that plaintiff has pled a litany of serious damages that will more likely than not exceed the statutory minimum. Plaintiff alleges "extreme emotional and physical duress that [he] will probably not recover from," increased car insurance premiums, serious medical conditions that required him to "go and/or call his doctor for increased pain, sleep and anxiety medications." Complaint ¶ 16. Plaintiff alleges that defendants' actions "increased his hypertension, caused anxiety and sleepless nights." Id. Plaintiff also seeks punitive damages. In his motion for remand, plaintiff offers to settle all claims for $6,900. (Doc. 7 at 4). He alleged in his certificate of compulsory arbitration that his damages exceed

1  $50,000. (Doc. 1, ex. F at 84).

2  We conclude that HSBC's reference to vague allegations in the complaint fails to
3  provide sufficient evidence to establish that it is more likely than not that plaintiff's claims
4  exceed the jurisdictional amount in order to overcome "the strong presumption against
5  removal jurisdiction." See Gaus, 980 F.2d at 566. Because significant doubt exists regarding
6  the right to removal, this case must be remanded to state court. See Matheson v. Progressive
7  Specialty Ins. Co., 319 F.3d 1089, 1090 (9th Cir. 2003) (holding that "[w]here doubt
8  regarding the right to removal exists, the case should be remanded to state court").

9  Therefore, **IT IS ORDERED GRANTING** plaintiff's motion to remand (doc. 7), and
10 **REMANDING** this action to the Superior Court of Arizona in Maricopa County.  All
11 remaining motions are denied as moot.

12 DATED this 22nd day of March, 2012.

*Frederick J. Martone*
Frederick J. Martone
United States District Judge